[6 NYS3d 660]

In the Matter of DAVID A. VESEL (Admitted as DAVID ALAN VE-SEL), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 22, 2015

### APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Susan Korenberg* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

By order of discipline issued by the Disciplinary Hearing Commission of the North Carolina State Bar dated May 20, 2013 (hereinafter the order of discipline), the respondent was disbarred in that state for, inter alia, embezzlement, and failure to supervise a paralegal, who, together with the respondent, misappropriated client funds.

As revealed in the order of discipline, in or about April 2005, the respondent employed Cynthia Driscoll as an independent contractor paralegal for his law practice. From May 2005 to June 2008, Driscoll worked with the respondent to conduct real estate closings. The respondent split legal fees with Driscoll for each real estate transaction he closed, and gave Driscoll signature authority on two out of the three trust accounts that he employed to conduct real estate closings. The respondent failed to train or supervise Driscoll. Using her signature authority, Driscoll embezzled client funds. The respondent failed to reconcile his accounts during the relevant period, thereby allowing Driscoll's embezzlement to go undetected. The respondent himself embezzled client funds, e.g., by failing to timely pay title insurance premiums on a number of real estate transactions that he closed, wiring funds from his trust accounts to make mortgage payments on Driscoll's behalf, failing to make disbursements as instructed by the lender, and issuing a check from an account that maintained insufficient funds, which caused significant harm to clients.

The Hearing Panel of the North Carolina State Bar (hereinafter the Hearing Panel) concluded that the respondent's acts constituted professional misconduct in violation of various North Carolina Rules of Professional Conduct, e.g., the failure

to reconcile trust accounts (rule 1.15-3 [d]); the splitting of legal fees with a nonlawyer (rule 5.4 [a]); the failure to promptly withdraw his legal fee from the trust account (rule 1.15-2 [a]); the unauthorized use of entrusted property for the benefit of one other than the legal or beneficial owner of that property (rule 1.15-2 [j]); the engagement in conduct involving dishonesty, fraud, deceit, or misrepresentation (rule 8.4 [c]); the failure to supervise Driscoll's disbursement of client funds (rule 5.3); the failure to timely disburse payment for title premiums (rule 1.3); and the disbursement of funds for clients in an amount greater than that which he held on such clients' behalf (rule 1.15-2 [j]).

The Hearing Panel concluded that disbarment was warranted, based on a variety of factors, which included the elevation of the respondent's own interest above others, the foreseeability of harm to his clients, the dishonesty of his actions, and his misappropriation or conversion of client funds. Moreover, the Hearing Panel held that the respondent's failure to appear and participate in the hearing showed disregard for the lawyer self-regulation process, thereby causing harm to the standing of the legal profession. Rather than contesting the hearing, the respondent tendered his license to practice law to the North Carolina State Bar, thereby, in effect, tendering his resignation.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a notice pursuant to 22 NYCRR 691.3, apprising him of his right to file a verified statement setting forth any of the enumerated defenses to the imposition of reciprocal discipline as enumerated in 22 NYCRR 691.3 (c). In response to the Grievance Committee's notice, the respondent submitted a 25-page verified statement, asserting all three enumerated defenses and, in effect, requesting a hearing. The respondent vigorously opposed the imposition of reciprocal discipline.

The gist of the respondent's arguments was that he was victimized by his paralegal, Cynthia Driscoll, and that she is the real wrongdoer. According to the respondent, not only did Driscoll embezzle funds, but, once fired, she removed or destroyed the records that he needed to mount a defense to the allegations of professional misconduct. The respondent also listed a myriad of protests as to the North Carolina State Bar's handling of the matter against him, and the manner in which it conducted the disciplinary proceeding against him. The re-

spondent claimed that, due to the North Carolina State Bar's alleged delay in formulating its theory, and its bad faith in participating in discovery, he was deprived of an opportunity to secure the necessary documentation to prepare a defense. As the respondent explained it, he consequently decided not to contest the hearing. Mindful that he chose not to appear at the hearing, the respondent asserted that the North Carolina State Bar, even in an "uncontested" proceeding, nonetheless had an obligation to fairly and accurately represent the facts in the interest of justice. Accordingly, the respondent claimed that the order of discipline deprived him of due process, that there was a significant infirmity of proof establishing his misconduct, and that the imposition of reciprocal discipline would be unjust.

A hearing was held on May 28, 2014, at which the respondent appeared pro se. The only document submitted into evidence was the respondent's letter dated April 18, 2012, addressed to the North Carolina State Bar, wherein he stated the following:

> "I have reviewed your proposed Stipulation on Prehearing Conference and corresponding exhibits and respectfully decline to execute any stipulations in that regard inasmuch as I will not be appearing at the hearing scheduled for April 24th, 25th and 26th of next week.

> "Also, please consider this letter as my formal tender of my license to practice law in the State of North Carolina, effective 9:00 a.m. on April 24, 2013, the decisional grounds for which were delineated in my April 4, 2013 letter directed to your attention and which are incorporated herein by reference in its entirety, inclusive of the attachments to same.

> "I understand that the State Bar may proceed with the disciplinary hearing in my absence and will issue such Order(s) as it deems appropriate."

The respondent did not object to the admission of the letter into evidence. He testified that he chose not to participate in the hearing on the advice of counsel, a decision which he now regrets. The respondent contended that he chose not to participate because he did not believe that he could get a fair hearing.

In a six-page report, the Special Referee reached the following conclusion:

"The defenses that respondent asserted in his 'Verified Answer,' are absent any merit whatsoever. Respondent, who was represented by counsel in a portion of the North Carolina State Bar's disciplinary process, voluntarily chose not to appear at his hearing and, instead, resigned from the bar. His decision not to participate in the North Carolina State Bar's disciplinary proceedings meant that he opted not to create a record from which he could later appeal. These blanks cannot be subsequently manufactured. Based upon respondent's decision, he has to live with the consequences of his own actions. As such, he has no valid defense(s) to the imposition of reciprocal discipline in this jurisdiction."

It was also noted in the report that the respondent offered no mitigating evidence.

The Grievance Committee now moves to confirm the report of the Special Referee, and for the imposition of reciprocal discipline. Although duly served with a copy of the Grievance Committee's motion papers, the respondent has submitted no papers in response, nor has he requested additional time in which to tender a response.

We find no merit to the respondent's defenses. The record is clear that the respondent was afforded notice and an opportunity to be heard regarding the disciplinary charges in North Carolina, and that he voluntarily chose not to appear at the hearing in that state. The decision not to appear and participate in that hearing was a tactical decision made with the advice of counsel, as the respondent felt that he lacked the necessary evidence to mount an effective defense. Having elected not to participate, and opting instead to, in effect, submit his resignation, the respondent cannot now be heard that he was deprived of due process.

Accordingly, the application to impose reciprocal discipline is granted, the motion to confirm the report is granted and, effective immediately, the respondent is disbarred based on the disciplinary action imposed on him in North Carolina.

ENG, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ., concur.

Ordered that the petitioner's application to impose reciprocal discipline is granted; and it is further,

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, David A. Vesel, admitted as David

Alan Vesel, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, David A. Vesel, admitted as David Alan Vesel, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, David A. Vesel, admitted as David Alan Vesel, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, David A. Vesel, admitted as David Alan Vesel, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).